UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN MCCASLAND,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL HERZOG,<br><br>　　　　　　　　　　Defendant. | Case No.:  15CV1946 BEN (MDD)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 12] |

　　　Defendant Daniel Herzog has filed a timely Motion to Dismiss *pro se* Plaintiff Evelyn McCasland's Complaint.  (Docket No. 12.)  Defendant argues Plaintiff's claims are barred by the applicable statutes of limitation and should be dismissed without leave to amend.  The Motion to Dismiss is granted, however, Plaintiff is granted leave to amend.

## BACKGROUND

　　　Plaintiff's Complaint alleges housing discrimination under the Fair Housing Act ("FHA") and a violation of the American's with Disabilities Act ("ADA").  Plaintiff alleges she is disabled, specifically, that she has been diagnosed with "OCD, [obsessive compulsive disorder,] which includes hoarder and clutter."  (Compl. pg. 3.)  She alleges her unit was wrongfully accessed, and her monthly food service costs increased, and she

was wrongfully denied use of a disabled parking space at the property Defendant managed, Friendship Manor.

Plaintiff filed a housing discrimination complaint with the U.S. Department of Housing and Urban Development ("HUD") on June 22, 2012. The HUD complaint identified the last date of discrimination as June 18, 2012. HUD notified Plaintiff by letter dated June 28, 2012 that her HUD complaint was being referred to the California Department of Fair Employment and Housing ("DFEH") for resolution. Plaintiff received a letter from DFEH dated October 10, 2012 indicating that the investigation was ongoing. On July 2, 2013, DFEH closed the complaint. The letter indicated it was investigated but dismissed for insufficient evidence. Every correspondence Plaintiff received from HUD or DFEH noted the applicable two-year statute of limitations, her right to pursue a private action, and that the time her claim was pending before DFEH would not be included in the two-year period.

Plaintiff's Complaint alleges that Defendant commenced unlawful detainer proceedings against her in 2011, but she fought the eviction until August 2012. In Opposition to the Motion, Plaintiff asserts that she did not vacate her unit until August 15, 2012.[1] She was allowed to store some possessions on the property in a storage closet until August 27, 2012. She alleges that the storage closet was intentionally left open, presumably by Defendant, and some of her possessions were missing. Plaintiff additionally alleges that she was denied use of a disabled parking space in March 2012 despite have a disabled parking placard.

///

---

[1] The Court grants Defendant's request for judicial notice of the Stipulation and Order of Settlement of Unlawful Detainer filed in the state court unlawful detainer proceeding, indicating Plaintiff would vacate the premises by July 31, 2012. However, in analyzing the statute of limitations issue, the Court accepts Plaintiff's allegations as to the dates she vacated the premises and removed her belongings.

## DISCUSSION

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "A claim may be dismissed under [Federal Rule of Civil Procedure] 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009).

Here, the running of the statute of limitations is clear from the allegations of the Complaint, even when the Court takes into account the allegations newly asserted in Plaintiff's Opposition. Although Plaintiff alleges a number of ways that Defendant allegedly discriminated against her, her only possible claims, based on the allegations of the Complaint, are housing discrimination and an ADA violation. Because both claims are barred by the applicable statutes of limitation, the Court does not reach the merits of either claim.

### I.     Housing Discrimination

"An aggrieved person may commence a civil action in an appropriate United States district court or state court not later than 2 years after the occurrence of the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(1)(A). "The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint." § 3613(1)(B).

If the Court assumes that Plaintiff was subjected to acts of discrimination through the date she removed the last of her possessions from the property, the last possible date she could have been subjected to discrimination was August 27, 2012. At this point, the statute of limitations was not running because the 2-year period does not include time

when an administrative proceeding is pending. However, on July 2, 2013, when DFEH closed the administrative proceeding, the 2-year period commenced. On that date, the alleged discrimination had terminated, Plaintiff having vacated the property more than 11 months earlier. The two-year period passed on July 2, 2015. Assuming Plaintiff filed this action on August 30, 2015,[2] more than two years passed before she filed this action. Based on the allegations of Plaintiff's Complaint and Opposition and the documents provided in support of both, Plaintiff's housing discrimination claim is barred.

## II.   ADA

Plaintiff's ADA claim is also subject to a two-year statute of limitations.[3] *Sharkey v. O'Neal*, 778 F.3d at 770 (explaining that courts "borrow the statute of limitations applicable to the most analogous state-law claim"); *see also Pickern v. Holiday Quality Foods, Inc*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (noting that most district courts have applied California's statute of limitations for personal injury actions to disability discrimination claims).[4]

Plaintiff claims she was denied use of a disabled parking space in March of 2012, however, as with Plaintiff's housing discrimination claim, the Court assumes for

---

[2] Plaintiff filed this action on September 1, 2015, however, Plaintiff signed the Complaint on August 30, 2015. Giving Plaintiff every benefit of the doubt, the Court calculates from the August 30, 2015 date.

[3] "The ADA is structured as separate titles governing different conduct." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). Plaintiff does not identify a title, but her claim could only be brought under Title III, governing "discrimination in public accommodations and services operated by private entities." *Id*.

[4] "Although the Ninth Circuit has not definitely decided the issue, district courts apply a two-year statute of limitations to Title III claims." *Razavi v. Regis Corp.*, 2016 WL 97438, at *5 (Jan. 8, 2016) (collecting cases). In *Sharkey v. O'Neal*, the Ninth Circuit acknowledged that in prior decisions the court has assumed, without deciding, that California's statute of limitations for personal injury actions applies to ADA claims. 778 F.3d at 770. The court went on to distinguish Title II and Title III claims and determine a different statute of limitations applied to a Title II claim. *Id.* at 771-73.

purposes of the statute of limitations that she is alleging discrimination through August 27, 2012 when she removed the last of her possessions from the property. Making this assumption, the statute of limitations on Plaintiff's ADA claim ran on August 27, 2014, more than a year before Plaintiff filed her Complaint on August 30, 2015.[5]

Although the Court finds it highly doubtful that Plaintiff could amend to state a claim that is not barred by the statutes of limitation, the Court grants Plaintiff leave to file a First Amended Complaint.

## CONCLUSION

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are barred by the applicable statutes of limitation and the action is **DISMISSED** with leave to amend. If Plaintiff chooses to amend, the FAC must be filed on or before **July 15, 2016**.

**IT IS SO ORDERED.**

Dated: June 13, 2016

Hon. Roger T. Benitez
United States District Judge

---

[5] Although there is no basis to toll the statute of limitations on the ADA claim based on the HUD complaint, even if the Court assumed Plaintiff's ADA claim was tolled during the time her HUD complaint was pending, the claim is still barred. As with the housing discrimination claim, any tolling ceased on July 2, 2013. The case was filed more than two years later.