1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10
11    EVELYN MCCASLAND,                    Case No.:  15CV1946 BEN (MDD)
12                          Plaintiff,     **ORDER GRANTING MOTION TO
                                           DISMISS**
13    v.                                   [Docket No. 22]
14    DANIEL HERZOG,
                              Defendant.
15
16

17          On June 13, 2016, the Court granted Defendant Daniel Herzog's Motion to
18    Dismiss pro se Plaintiff Evelyn Mccasland's Complaint as time-barred by the applicable
19    statutes of limitation.  (Docket No. 20.)  The Court granted Plaintiff leave to file an
20    amended complaint by July 15, 2016.  Plaintiff filed a document titled "First Amended
21    Complaint," however it is not a complaint.  It lacks any claims and minimal factual
22    allegations.  It is more comparable to a motion for reconsideration.  Defendant has filed a
23    Motion to Dismiss the case based on the above deficiency as well as any claims being
24    barred by the applicable statutes of limitation and for failing to state a claim.  (Docket
25    No. 22.)  Plaintiff did not file an Opposition to the Motion.  For numerous reasons
26    outlined below, the Motion to Dismiss is **GRANTED**.
27    ///

**BACKGROUND**

The Court will not repeat the allegations of the Complaint summarized in detail in the Court's June 13, 2016 Order, but provides the following brief overview.  Plaintiff's original Complaint alleged housing discrimination under the Fair Housing Act ("FHA") and a violation of the American's with Disabilities Act ("ADA").  She alleged her unit was wrongfully accessed, her monthly food service costs increased, and she was wrongfully denied use of a disabled parking space at the property Defendant managed — Friendship Manor.  Following unlawful detainer proceedings against her in 2011 and settlement in those proceedings, Plaintiff vacated her unit on August 15, 2012, although some of her possessions remained in a storage closet at the property until August 27, 2012.  Plaintiff pursued a housing discrimination complaint with the U.S. Department of Housing and Urban Development ("HUD") that was referred to the California Department of Fair Employment and Housing ("DFEH") for resolution.  On July 2, 2013, DFEH closed the complaint and indicated it was investigated but dismissed for insufficient evidence.  Each correspondence Plaintiff received from HUD or DFEH noted the applicable two-year statute of limitations, her right to pursue a private action, and that the time her claim was pending before DFEH would not be included in the two-year period.

**DISCUSSION**

The Motion to Dismiss is granted.  First, Plaintiff has failed to file an opposition to the Motion to Dismiss.[1]  Under Civil Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in a manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

---

[1] Plaintiff did not file an amended complaint by the deadline set by the Court.  There is no operative pleading on file, only the dismissed initial Complaint.  This alone is a basis to dismiss the case.

The Motion to Dismiss was noticed for hearing on September 6, 2016.  Under Civil Local Rule 7.1.e.2, any opposition or statement of non-opposition was due on August 23, 2016. None was filed.  The Court considers the lack of any opposition consent to the granting of the motion and grants the motion to dismiss.

Second, if the case were not subject to dismissal based on these grounds, the Court would still find dismissal appropriate for the same reasons outlined in the Court's June 13, 2016 Order.  As the Court explained in more detail, Plaintiff's claims are barred by the applicable statutes of limitation.  Plaintiff's only possible claims based on the allegations of the initial Complaint and her additional clarifications in the document titled First Amended Complaint are for housing discrimination and an ADA violation.  Both are subject to two-year statutes of limitation.  The statute of limitations on the housing discrimination claim began to run no later than July 2, 2013 when DFEH closed the administrative proceeding.  Any discrimination had ceased by that time.  She did not file her Complaint until August 30, 2015, more than two years later.  As to the ADA claim, even if the Court assumed Plaintiff was subjected to discrimination through the date she removed the last of her possessions from the property, August 27, 2012, the statute of limitations ran on August 27, 2014, more than a year before she filed this action.  And Plaintiff has alleged no basis for equitable tolling.

Based on the foregoing and the Court's analysis in the June 13, 2016 Order, the Court finds the running of the statutes of limitation is apparent from Plaintiff's allegations as stated in the initial Complaint and the document titled First Amended Complaint and the deficiency could not be cured by any amendment.  *See Von Saher v. Norton Simon of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009).

To the extent the document Plaintiff titled "First Amended Complaint" was intended as a motion for reconsideration, it would also be unsuccessful.  Plaintiff argues she should receive a longer statute of limitations for her ADA claim.  She primarily argues that the Court should extend the applicable statute of limitations because of the

3

importance of the claim and that the claim should be subject to the three-year statute of limitations applicable to an ADA claim against a public entity rather than a private entity. As explained in the Court's prior order, Title III ADA claims — claims against private entities — are subject to a two-year statute of limitations borrowed from California's personal injury statute. *See Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (explaining that courts "borrow the statute of limitations applicable to the most analogous state-law claim"); *see also Pickern v. Holiday Quality Foods, Inc*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (noting that most district courts have applied California's statute of limitations for personal injury actions to disability discrimination claims); *Razavi v. Regis Corp.*, 2016 WL 97438, at *5 (Jan. 8, 2016) (collecting cases). As explained in *Sharkey v. O'Neal*, Title II claims — claims against a public entity — are subject to a three-year statute of limitations. 778 F.3d at 771-73. However, there is no basis to apply that statute of limitations to Plaintiff's claim against this Defendant, the manager of a private senior housing facility. Plaintiff has attached exhibits indicating that some of the facilities' residents may qualify for governmental housing assistance, but nothing suggesting this facility or the defendant is a public entity. Additionally, as noted above, Plaintiff waited more than *three* years after the date she or her possessions were no longer at the property to pursue the claim. The Court did not err in finding Plaintiff's claims barred by the statutes of limitation.

## CONCLUSION

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are barred by the applicable statutes of limitation and the action is **DISMISSED** with prejudice. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: September 27, 2016

Hon. Roger T. Benitez
United States District Judge

4